UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PORFIRIO ROSAS, On Behalf of Himself          Case No.:
And All Others Similarly Situated,

                        Plaintiffs,          **COLLECTIVE AND**
                                                   **CLASS ACTION**
       -vs.-                                                             **COMPLAINT**
                                                     **WITH JURY DEMAND**

WHITE CONTRACTING & RENOVATION INC
and DAVID MCCARTHY,

                        Defendants.
-----------------------------------------------------------------X

Plaintiff, Porfirio Rosas (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against WHITE CONTRACTING & RENOVATION INC ("White Contracting & Renovation"), and DAVID MCCARTHY ("McCarthy") in his individual and professional capacities (together as Defendants"), alleges upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of New York Labor Law ("NYLL") § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (iv) the requirement that employers furnish employees with a wage notice at the time of hiring

1

containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.  Plaintiff worked for Defendants - construction company and their owners/managers - - as a carpenter and/or laborer from in or about the calendar year of 2002 until August 31, 2018. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, more than forty hours per week. However, Defendants failed to pay the Plaintiff at the overtime rate of pay of one and one-half times his regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA and the NYLL require. Furthermore, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

3.  Defendants paid and treated of all their non-managerial employees who worked for them in the same manner.

4.  Plaintiff brings his lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

5.  Plaintiff also brings his lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

6. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times, Plaintiff Porfirio Rosas (hereinafter "Rosas" and/or "Mr. Rosas") is a resident of the State of New York, resides in Bronx County, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

9. At all relevant times herein, White Contracting & Renovation was and is a domestic business corporation with its principal place of business located at 940 Roosevelt Street, Franklin Square, NY 11010.

10. At all relevant times herein, Defendant McCarthy was a resident of the State of New York and had an actual place of residence is located at 28 Adams Street, Floral Park, NY 11001.

11. At all relevant times herein, Defendant McCarthy was the president and/or owner and/or day-to-day overseer of White Contracting & Renovation.

12. Prior to the filing of this Complaint, Defendant McCarthy was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630.

13. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA, NYLL, and the NYCCRR. Additionally, Defendants' qualifying annual business

exceeded $500,000, and Defendants were engaged in interstate commerce within the meaning of the FLSA as they used supplies in the course of business, such as wood, metal, cement, materials and tools, much of which originated in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.  Furthermore, all of Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

16. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on his own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that

      predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and,

   e. A class action is superior to other methods of adjudication.

19. The Rule 23 Class that Plaintiff seeks to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed any work for Defendants as non-managerial employees who: (1) worked in excess of forty hours per week without receiving overtime compensation; and/or (2) were not issued accurate or any pay stubs/wage statements on each payday containing the information that N.Y. Lab. Law § 195(3) requires; and/or (3) were not issued wage notices at the time of their hire, or at any time thereafter as required by N.Y. Lab. Law § 195(1) ("Rule 23 Plaintiffs").

**Numerosity**

20. During the previous six years, Defendant has employed, in total, at least forty employees that are putative members of this class.

**Common Questions of Law and/or Fact**

21. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the minimum wage rate; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

**Typicality of Claims and/or Defenses**

22. As described in the background facts section below, Defendants, despite the titles that it assigned to the Plaintiff, employed Plaintiff as a non-managerial, non-exempt employee.

Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiff minimum wage, overtime, or spread of hours.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the statutory minimum wage rate, at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, and spread of hours, and to be furnished with accurate wage statements and wage notices.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

23.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. The Defendants did not pay Plaintiff overtime pay for their hours worked over forty each week, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs.  Plaintiff is no longer employed with the Defendants, and thus has no fear of retribution for his testimony.  Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

**Superiority**

24. Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

27. Additionally, Plaintiff's counsel has substantial experience in this field of law.

**BACKGROUND FACTS**

28. Defendants own and operate a construction business.

29. At all relevant times, Defendant McCarthy was the owner and day-to-day overseer of White Contracting & Renovation who in that capacity was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

30. From in or about in or about the calendar year of 2002 until August 31, 2018, Plaintiff worked for Defendants as a carpenter and general laborer. Throughout his employment, his job consisted of carpentry work, metal work and subfloor installation.

31. Throughout his employment, Plaintiff worked November until February of each year, 7:00 a.m. to 3:30 p.m. Mondays through Fridays, inclusive, for a total of 42.5 hours per week.

32. Throughout his employment, Plaintiff worked March until October of each year, 7:00 a.m. to 5:30 p.m. Mondays through Saturdays, inclusive, for a total of 63 hours per week.

33. From on or about June 1, 2012 through on or about June 1, 2014, Defendants paid Plaintiff a fixed rate of $21.00 per work hour.

34. From on or about June 2, 2014 through on or about August 1, 2016, Defendants paid Plaintiff a fixed rate of $25.00 per work hour.

35. From on or about August 2, 2016 through on or about August 21, 2018, Defendants paid Plaintiff a fixed rate of $27.00 per work hour.

36. Plaintiff worked more than forty hours in all workweeks in which Defendants employed him. For example, from March 1, 2018 through August 31, 2018, Plaintiff worked 63 hours and Defendant paid him $27.00 per work hour, without paying him the legally-required overtime premiums.

37. Throughout their entire employment, Defendants paid Plaintiff on a weekly basis, without providing him with any wage statements that reflected the amount of hours that he worked, their regular rate of pay or their overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

38. Defendants intentionally did not provide Plaintiff with a wage notice at the time of their hire, or at any time thereafter, containing any of the following information: their rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

39. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

40. Every hour that Plaintiff worked was for Defendants' benefit.

41. Defendants treated all FLSA Plaintiffs and Rule 23 Plaintiffs in the manner described above.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

42. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

43. Defendants were required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

44. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

45. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

46. The Defendants willfully violated the FLSA.

47. As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

48. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

49. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

50. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

51. Defendants were required to directly pay the Plaintiff and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

52. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

53. As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

54. Due to Defendants' violations of the New York Labor Law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

55. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

56. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

57. As described above, the Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

58. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

59. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

60. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

61. The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

62. Each Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

63. Defendants willfully failed to provide Plaintiff and Rule 23 Plaintiffs with a wage notice containing the criteria enumerated under the NYLL.

64. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

65. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

66. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  i. Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

  j. Pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: New York, New York
   January 10, 2019

           Respectfully submitted,
           LAW OFFICES OF WILLIAM CAFARO

           */s/ Louis M. Leon*
           Louis M. Leon (LL 2057)
           *Attorneys for Plaintiff*
           108 West 39th Street, Suite 602
           New York, New York 10018
           (212) 583-7400
           LLeon@Cafaroesq.com